**E-filed 3/7/07**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HOA QUANG HA, | ) | No. C 03-3828 JF (PR) |
| | ) | |
|                Petitioner, | ) | ORDER GRANTING PETITIONER'S MOTION FOR EXTENSION OF TIME; GRANTING MOTION TO STAY PETITION; INSTRUCTIONS TO CLERK |
|   vs. | ) | |
| | ) | |
| GAIL LEWIS, Warden, | ) | |
| | ) | |
|                Respondent. | ) | |
| _____ | ) | (Docket No. 17) |

      Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254 and a motion to stay the instant petition while he returns to state court to exhausted additional claims relating to his underlying state criminal conviction. On August 10, 2004, the Court denied Petitioner's motion to stay without prejudice because it was unclear whether the claims set forth in the instant petition were exhausted. On March 8, 2005, the Court granted Petitioner an extension of time to respond to the Court's order and denied Petitioner's motion for appointment of counsel and motion for copies without prejudice. Petitioner filed a second motion for an extension of time, a motion for appointment of counsel, and a motion for reconsideration. The Court denied Petitioner's motion for appointment of counsel and motion for

reconsideration. The Court granted Petitioner a further extension of time to respond to the Court's earlier order concerning exhaustion of his claims set forth in the instant petition, and if appropriate, file a renewed motion to stay the instant petition.

Petitioner has filed a motion for extension of time and a response clarifying that the claims in the instant petition are exhausted. Petitioner also renews his request to stay the instant petition while he exhausts his additional claim with the California Supreme Court. The Court concludes that Petitioner has shown good cause for such extension and will GRANT Petitioner's motion for extension of time. The Court will GRANT Petitioner's motion to stay the instant petition as set forth below.

## DISCUSSION

The Court initially denied Petitioner's motion to stay the petition without prejudice because it was unclear whether Petitioner intended to return to state court to exhaust additional claims not included in the instant petition, or whether the claims set forth in the instant petition were not exhausted. On April 10, 2006, Petitioner filed a motion for extension of time to file a response. The Court concludes that Petitioner has shown good cause for such extension. Accordingly, Petitioner's motion for extension of time (docket no. 17-1) is GRANTED.

Petitioner filed a response explaining that all of the claims in the instant petition are exhausted. Petitioner renews his motion to stay the instant petition so that he may exhaust his additional claim, regarding his competency to stand trial and the trial court's failure to hold a competency hearing, in the California Supreme Court. Petitioner contends that a stay is appropriate because his competency claim is connected to his exhausted claims, and based upon his ongoing mental illness, mental competency, and lack of understanding of English, he has relied on the assistance of inmates to proceed with his habeas petitions. See Pet's Motion at 2.

District courts have the authority to issue stays and AEDPA does not deprive them of that authority. Rhines v. Webber, 544 U.S. 269, 277-78 (2005). The district court's discretion to stay a mixed petition is circumscribed by AEDPA's stated purposes of

reducing delay in the execution of criminal sentences and encouraging petitioners to seek relief in the state courts before filing their claims in federal court. Id.  Because the use of a stay and abeyance procedure has the potential to undermine these dual purposes of AEDPA, its use is only appropriate where the district court has first determined that there was good cause for the petitioner's failure to exhaust the claims in state court and that the claims are potentially meritorious. Id. Moreover, where granting a stay, the district court must effectuate the timeliness concerns in AEDPA by placing "reasonable limits on a petitioner's trip to state court and back." Id. at 278.  Prisoners who may run the risk of having the federal statute of limitations expire while they are exhausting their state remedies may avoid this predicament "by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005) (citing Rhines, 544 U.S. at 277-78).

Here, Petitioner's proposed new claim is cognizable under § 2254 and is not "plainly meritless." Petitioner appears to show good cause for his failure to exhaust the claim in state court based upon newly discovered evidence and his allegation of ineffective assistance of counsel. Additionally, the Court notes that Respondent has yet to file an answer to the petition and Petitioner's state habeas petition addressing this claim is now pending in the state supreme court. Thus, Petitioner does not appear to be intentionally delaying this action. Accordingly, Petitioner's motion to stay the instant petition to allow him to exhaust his additional claim (docket no. 17-2) is GRANTED. This action is hereby STAYED until thirty days after the California Supreme Court's final decision on petitioner's additional claim.

## CONCLUSION

1. Petitioner's motion for extension of time (docket no. 17-1) is GRANTED.

2. Petitioner's motion to stay the instant petition (docket no. 17-2) is GRANTED, and the above-titled action is hereby STAYED until thirty days after the California Supreme Court's final decision on Petitioner's additional claim.

3.      Once the California Supreme Court has issued a decision on Petitioner's additional claim, and if he has not obtained relief in state court, Petitioner shall promptly notify the Court within thirty days of the California Supreme Court's decision.

4.      Once the California Supreme Court has issued a decision, Petitioner may file an amended petition containing the newly exhausted claim and his exhausted claims **within thirty days**.  If Petitioner files an amended petition, he must include the caption and civil case number used in this order (No. C 03-3828 JF (PR)) and the words "AMENDED PETITION" on the first page.  Petitioner may not incorporate material from his earlier petition by reference, therefore he must include all supporting documentation, such as exhibits, with the amended petition.  Petitioner's amended petition shall include the exhausted claims in the instant petition, if Petitioner intends to pursue those claims, along with the additional newly exhausted claim.

5.      The Clerk shall ADMINISTRATIVELY CLOSE the file pending the stay of this action.  This has no legal effect; it is purely a statistical procedure.  When Petitioner informs the Court that exhaustion has been completed the case will be administratively re-opened.

IT IS SO ORDERED.

DATED: 3/7/07

JEREMY FOGEL
United States District Judge

A copy of this ruling was mailed to the following:

Hoa Quang Ha
K-90907
Pleasant Valley State Prison
P.O. Box 8503, CFB2-206U
Coalinga, CA 93210