NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HOA QUANG HA, | ) | No. C 03-03828 JF (PR) |
| | ) | |
| Petitioner, | ) | ORDER SCHEDULING FURTHER BRIEFING |
| | ) | |
| vs. | ) | |
| | ) | |
| GAIL LEWIS, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, a state prisoner at the Pleasant Valley State Prison in Coalinga, California, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state conviction. Good cause shown, the Court granted Petitioner's motion to stay the instant petition to allow him to exhaust an additional claim. (See Docket No. 19.) On May 21, 2009, the Court reopened this action after Petitioner filed an amended petition and established that the state high court denied his state petition. (See Docket No. 21.) Respondent has moved to dismiss the petition as untimely. (Docket No. 27.) Petitioner filed opposition, and Respondent filed a reply. For the reasons discussed below, the Court will order further briefing on the issue of whether Petitioner is entitled to equitable tolling based on his claim of mental incompetence to save his amended petition

from being untimely.

**STATEMENT**

In 1998, Petitioner was convicted by a jury in Santa Clara Superior Court of second degree robbery, attempted second degree robbery, assault with a firearm, and possession of a firearm by a felon with personal use. (Pet. 2.) Petitioner was sentenced to a total term of 62 years to life in state prison. (Id.)

The following evidence submitted by Respondent is undisputed:

Petitioner appealed the conviction to the California Court of Appeal on April 22, 1998. The state appellate court affirmed the conviction on September 28, 1999. Petitioner did not seek review in the state high court. (Resp't Mot. to Dismiss, Ex. 1; Docket No. 27.)

On March 18, 2005, Petitioner filed a petition for a writ of habeas corpus in state superior court. The state court denied the petition on May 16, 2005. (Id., Exs. 2 & 3.)

On July 19, 2005, Petitioner filed a second habeas petition in the state superior court, which denied the petition on August 16, 2005. (Id., Exs. 4 & 5.)

On August 4, 2006, Petitioner filed a petition for a writ of habeas corpus in the California Supreme Court, which denied the petition on March 21, 2007. (Id., Ex. 6.)

Petitioner filed a federal petition in this Court on August 18, 2003, and then after being granted a stay, Petitioner filed the instant amended petition on April 12, 2007. (Docket No. 20.)

**DISCUSSION**

**A.    Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996, and imposed for the first time a one-year statute of limitation on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the

1  latest of the date on which: (A) the judgment became final after the conclusion of direct
2  review or the time passed for seeking direct review; (B) an impediment to filing an
3  application created by unconstitutional state action was removed, if such action prevented
4  petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme
5  Court, if the right was newly recognized by the Supreme Court and made retroactive to
6  cases on collateral review; or (D) the factual predicate of the claim could have been
7  discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Time during
8  which a properly filed application for state post-conviction or other collateral review is
9  pending is excluded from the one-year time limit. Id. § 2244(d)(2).

10  The one-year period may start running from "the expiration of the time for seeking
11  [direct] review." 28 U.S.C. § 2244(d)(1)(A). If a petitioner could have sought review by
12  the state court of appeals or the state supreme court, but did not, the limitation period will
13  begin running against him the day after the date on which the time to seek such review
14  expired. See Smith v. Duncan, 297 F.3d 809, 812-13 (9th Cir. 2002) (limitation period
15  began running day after time to seek discretionary review of California Court of Appeal's
16  decision in the Supreme Court of California expired, which was forty days after the Court
17  of Appeal filed its opinion) (citing Cal. Rules of Court 24(a), 28(b), 45(a); Cal. Civ. Proc.
18  Code § 12a); see also Cal. Rule of Court 8.308(a) (providing that appeal from criminal
19  judgment must be filed within sixty days after rendition of judgment or making of order
20  being appealed) (formerly Cal. Rule of Court 31).

21  Respondent argues that AEDPA's one year limitations under § 2244(d)(1)(A)
22  applies, such that the Petitioner had one year from "the date on which the judgment
23  became final by the conclusion of direct review or the expiration of the time for seeking
24  such review" to file a timely petition. (Resp't Mot. at 2.) Petitioner's state judgment
25  became final on November 7, 1999, when the time to petition for review in the California
26  Supreme Court expired. See Cal. Rules of Court, rules 8.264(b)(1), 8.500(c). Petitioner
27  therefore had one year, *i.e.*, until November 7, 2000, to file a timely federal petition. See
28  Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Petitioner did not file a federal

1  habeas petition until August 18, 2003.  Thus, absent tolling, the original petition was
2  untimely by more than two years nine months.  (Resp't Mot. at 2.)
3        Petitioner claims that AEDPA's one year limitations under § 2244(d)(1)(D)
4  applies, such that he had one year from "the date on which the factual predicate of the
5  claim or claims presented could have been discovered through the exercise of due
6  diligence" to file a timely petition.  (Am. Pet. at 26; Oppo. at 5.)  Petitioner claims that the
7  commencement of the limitations period "was delayed beyond finality of the judgment
8  because his claims are based on newly discovered factual predicates not previously
9  known to him and discoverable through exercise of due diligence."  (Id.)  Petitioner
10 claims that his trial counsel knew or should have known that Petitioner was mentally
11 retarded and developmentally disabled from the time of his birth.  (Oppo. at 2.)  Petitioner
12 claims that he did not understand "what was going on his case or trial" and that "he was
13 experiencing all sorts of hallucinations prior to and after his arrest and during most of the
14 court proceedings."  (Id. at 3.)  Petitioner claims that trial counsel should have but failed
15 to move for a competency hearing, thereby violating Petitioner's right to effective
16 assistance of counsel.  (Id.)  Petitioner also alleges that his appellate counsel failed to
17 investigate and pursue the meritorious claims raised in the federal habeas petition, *i.e.*, the
18 claims alleging Petitioner's incompetence to stand trial and the ineffective assistance
19 rendered by trial counsel, and that appellate counsel's abandonment constitutes good
20 cause for the substantial delay in the filing of his federal petition.  (Am. Pet. at 23.)
21       In reply, Respondent argues that Petitioner does not explain what factual
22 predicates he is referring to, nor does he attempt to explain how he was unable to discover
23 such predicates through due diligence.  Respondent also contends that Petitioner has
24 failed to show how his alleged incompetence to stand trial at his 1998 trial and his trial
25 attorney's failure to address such incompetence prevented him from filing a timely
26 federal petition.  (Resp't Reply at 3.)
27       In most cases, the one year limitations period will start on the date on which the
28 judgment becomes final after the conclusion of direct review or the time passes for

seeking direct review, but the limitations period may start on a later date. See 28 U.S.C. § 2244(d)(1)(A)-(D). The statute of limitations applies to the entire "application" when the starting date is completion of direct review under § 2244(d)(1)(A), but when the starting date is determined under any of the other subsections, §§ 2244(d)(1)(B)-(D), the statute of limitations is applied on a claim-by-claim basis. Pace v. DiGuglielmo, 544 U.S. 408, 416 n.6 (2005) ("[Section] 2244(d)(1) provides that a '1-year period of limitation shall apply to an *application* for a writ of habeas corpus.' (Emphasis added.) The subsection then provides one means of calculating the limitation with regard to the 'application' as a whole, § 2244(d)(1)(A) (date of final judgment), but three others that require claim-by-claim consideration, § 2244(d)(1)(B) (governmental interference); § 2244(d)(1)(c) (new right made retroactive); § 2244(d)(1)(D) (new factual predicate).").

Under § 2244(d)(1)(D), the one-year limitation period starts on the date on which "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." The time begins "'when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance.'" Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2000) (quoting Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000)) (remanding case to district court for further factual findings concerning determination of when, with exercise of due diligence, petitioner could have discovered facts to support prejudice prong of IAC claim). Section 2244(d)(1)(D) accordingly allows the limitation period to start running at a later date "when the facts on which a federal habeas claim is based would not have been discovered by a duly diligent petitioner." Ybanez v. Johnson, 204 F.3d 645, 646 (5th Cir. 2000) (citation omitted). Courts should be careful not to confuse a petitioner's knowledge of the factual predicate of his claims with the time permitted for gathering evidence in support of the claims: "Section 2244(d)(1)(D) does not convey a statutory right to an extended delay . . . while a habeas petitioner gathers every possible scrap of evidence that might . . . support his claim[s]." Flanagan v. Johnson, 154 F.3d 196, 198-99 (5th Cir. 1998). See, e.g., United States v. Battles, 362 F.3d 1195, 1198 (9th Cir. 2004) (§

2255 petition) (even though petitioner did not have access to trial transcripts, the facts supporting claims which occurred at the time of his conviction could have been discovered if he "at least consult[ed] his own memory of the trial proceedings"; because he did not do so, he did not exercise due diligence and was not entitled to a delayed start of the limitations period under § 2255(4)).

Here, Petitioner fails to show why he is entitled to a delayed starting date under § 2244(d)(1)(D) for each of the claims raised in the instant petition. The Court found the following claims cognizable when liberally construed: 1) ineffective assistance of appellate counsel; 2) Petitioner was incompetent to stand trial; 3) ineffective assistance of trial counsel; 4) statements obtained in violation of Miranda[1] were unlawfully admitted at trial; 5) the trial court erred in admitting the opinion testimony of a police office; 6) ineffective assistance of trial counsel for failing to object to the police officer's opinion testimony; and 7) the trial court erred in failing to suppress unlawfully obtained evidence. (Order to Show Cause at 2; Docket No. 22.) Petitioner's assertion that "newly discovered factual predicates not previously known to him and discoverable through exercise of due diligence" is merely conclusory without facts in support thereof, *e.g.*, which facts he discovered to support which claim, when he discovered them, and how that resulted in him seeking habeas relief several years after his conviction had become final. The record shows that Petitioner filed a direct appeal of his conviction, but that he did not seek review in state high court. A duly diligent petitioner could have discovered the facts on which to base a claim against appellate counsel at the time of counsel's refusal to investigate the competency claim and the alleged abandonment. Furthermore, Petitioner fails to show how appellate counsel's abandonment prevented him from filing a timely habeas petition. Accordingly, the Court finds that Petitioner is not entitled to a delayed start of the limitations period under § 2255(4)(d)(1)(D) for any of the claims in the amended petition.

---

[1] Miranda v. Arizona, 384 U.S. 436 (1966)

Section § 2244(d)(1)(A) applies to this case, such that Petitioner had one year following the date his state judgment became final on November 7, 1999, to file a timely federal habeas petition. Petitioner did not file a habeas petition in this Court until August 18, 2003, which was almost two years and nine months after the limitations period expired on November 7, 2000. Thus, absent tolling, the original petition was untimely.

**B.     Statutory Tolling**

Section 2244(d)(2) tolls the one-year limitation period for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Petitioner did not file his first state habeas petition until March 18, 2005, which is over four years after the limitations period expired on November 7, 2000. A state habeas petition filed after AEDPA's statute of limitation ended cannot toll the limitation period under § 2244(d)(2). See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001). As Petitioner did not file his state habeas petitions until well after the limitation period had expired, he is not entitled to tolling of the limitation period under 28 U.S.C. § 2244(d)(2).

**C.     Equitable Tolling**

Petitioner repeats in opposition that he was mentally incompetent, which is an extraordinary circumstance warranting equitable tolling. (Oppo. at 9.) Petitioner alleges that he was evaluated by a psychiatrist who found Petitioner to have severe mental problems. (Id.) Petitioner also alleges that he did not have access to the trial transcripts and insufficient access to the prison library. (Id.) Respondent replies that Petitioner has failed to substantiate his claims with anything more than a self-serving declaration that he had been experiencing hallucinations at the time of his trial. (Resp't Reply at 4.)

Severe mental illness is an extraordinary circumstance beyond a prisoner's control which justifies equitable tolling. See Calderon v. United States District Court (Kelly), 163 F.3d 530, 541 (9th Cir. 1998) (en banc), cert. denied, 526 U.S. 1060 (1999) (holding that a petitioner's alleged mental incompetency justifies equitable tolling at least until a

1 competency hearing).

2     In <u>Laws v. Lamarque</u>, the Ninth Circuit reversed the district court's order granting
3 the motion to dismiss because it failed to develop the record in response to Law's claim
4 of mental incompetency. 351 F.3d 919, 924 (9th Cir. 2003). The Ninth Circuit
5 determined that a district should not require the petitioner to "carry a burden of
6 persuasion" at the time he asserts equitable tolling to merit further investigation into the
7 merits of his arguments for tolling. <u>Id.</u> Instead, Ninth Circuit cases require only that
8 there be "circumstances consistent with [the] petitioner's petition . . . under which he
9 would be entitled to . . . equitable tolling" to trigger further factual development of the
10 record. <u>Id.</u> (citing <u>Whalem/Hunt v. Early</u>, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc)
11 (remanding case to district court for development of facts concerning whether AEDPA
12 materials were unavailable in the prison law library and the legal significance of such a
13 finding)). The Ninth Circuit found that the district court erred in granting judgment
14 against Laws based upon the papers before it and that '[i]t [was] enough that Laws
15 'alleged mental competency' in a verified pleading." <u>Laws</u>, 351 F.3d at 924 (citations
16 omitted). Therefore, the Ninth Circuit held that Laws was entitled to further factual
17 development or an evidentiary hearing on the issue of whether he was precluded from
18 filing his petition by reason of mental impairment. <u>Id.</u>

19     In <u>Nara v. Frank</u>, the Third Circuit held that even if there was "no evidence in the
20 record that Nara's current mental status affected his ability to present his habeas petition,"
21 an evidentiary hearing was warranted because he had originally filed his habeas petition
22 pro se and there was evidence "of ongoing, if not consecutive, periods of mental
23 incompetency." 264 F.3d 310, 319-20 (3d Cir. 2001), overruled in part on other grounds
24 by <u>Carey v. Saffold</u>, 536 U.S. 214 (2002). It is not clear from the record whether
25 Petitioner had periods of ongoing mental illness. Respondent argues that the evidence
26 demonstrates that Petitioner was not suffering from a mental disability rising to the level
27 of an "extraordinary circumstance" warranting equitable tolling. (Resp't Reply at 3.)
28 Respondent contends that as early as 1998, Petitioner was cleared for general population

after passing a routine mental health screening, (id., Ex. 1 at 3, 4), and that in 2003, Petitioner was excluded from the prison Developmental Disability Program because he received a passing score on a cognitive test, (id., Ex. 1 at 1, 5). Respondent also points out that in Petitioner's own declaration, he explains that he attended school, communicated with appellate counsel, and worked on his appeals during the period of his incarceration. (Id. at 3; Opp., Ha Decl. at 2-4.) Nevertheless, Petitioner is entitled to further development of the record based on his allegations of mental incompetence under Laws, 351 F.3d at 924.

Under the AEDPA, express limitations are imposed on the power of the federal court to grant an evidentiary hearing. The habeas statute provides that a district court may not hold an evidentiary hearing on a claim for which the petitioner failed to develop a factual basis in State court unless petitioner shows that: (1) the claim relied either on (a) a new rule of constitutional law that the Supreme Court has made retroactive to cases on collateral review, or (b) a factual predicate that could not have been previously discovered through the exercise of due diligence, and (2) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2254(e)(2).

Even if an evidentiary hearing is permitted because a prisoner was able to clear the hurdle posed by § 2254(e)(2), one is not required. Downs v. Hoyt, 232 F.3d 1031, 1041 (9th Cir. 2000). The district court retains discretion whether to hold an evidentiary hearing or to expand the record with discovery and documentary evidence instead. Williams v. Woodford, 382 F.3d 567, 590 (9th Cir. 2004). This permissible intermediate step may avoid the necessity of an expensive and time consuming hearing in every habeas corpus case. Id. at 590-91.

Petitioner asks the court for discovery or expansion of the factual record to determine whether his mental incompetence impaired his ability to file a timely federal habeas petition. (Oppo. at 9.) The Court will grant Petitioner an opportunity to expand

1  the record with discovery and documentary evidence to show that he was mentally
2  incompetent from the period of September 1999, when his direct appeal was denied, to
3  March 2005, when he filed his first state habeas petition.  See Williams, 382 F.3d at 590-
4  91.  Petitioner may only move for an evidentiary hearing by showing that he meets the
5  standard set forth by 28 U.S.C. § 2254(e)(2).

## CONCLUSION

1.  Petitioner shall file a supplemental briefing **no later than thirty (30) days** from the date this order is filed.  In the supplemental briefing, Petitioner must submit evidence supporting his allegation that he was suffering a mental disability from September 1999 until March 2005, which prevented him from filing a federal habeas petition to warrant equitable tolling.  For example, Petitioner must provide evidence to support his claim that he was evaluated by a psychiatrist who found Petitioner to have severe mental problems.  Furthermore, the mental problems must be causally linked to Petitioner's inability to file a timely federal habeas petition.

2.  Respondent shall file with the Court and serve on Petitioner a reply **within fifteen (15) days** of the date Petitioner's supplemental briefing is filed.

Petitioner is advised that if he fails to submit the supplemental briefing in support of equitable tolling in the time provided, the Court has no choice but to grant Respondent's motion and dismiss the petition as untimely for the reasons discussed above.

IT IS SO ORDERED.

DATED: __5/28/10_____

                                    _____
                                    JEREMY FOGEL
                                    United States District Judge

Order Scheduling Further Briefing
P:\PRO-SE\SJ.JF\HC.03\Ha828_brief-eq-toll.wpd                10

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

HOA QUANG HA,

        Petitioner,

v.

GAIL LEWIS, Warden,

        Respondent.

Case Number: CV03-03828 JF

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 6/10/10, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Hoa Quang Ha
K-90907
Pleasant Valley State Prison
PO Box 8503
C-2-206-Up
Coalinga, CA 93210-8503

Dated: 6/10/10

                              Richard W. Wieking, Clerk