NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOA QUANG HA, <br><br> Petitioner, <br><br> vs. <br><br> GAIL LEWIS, Warden, <br><br> Respondent. | No. C 03-03828 JF (PR) <br><br> ORDER GRANTING MOTION TO DISMISS; DENYING CERTIFICATE OF APPEALABILITY <br><br><br><br> (Docket No. 27) |

Petitioner, a California prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state conviction. Respondent has moved to dismiss the amended petition as untimely. (Docket No. 27.) Petitioner filed opposition, and Respondent filed a reply. For the reasons discussed below, the Court grants Respondent's motion to dismiss.

## BACKGROUND

On March 27, 2008, Petitioner was convicted of "second degree robbery, attempted second degree robbery, assault with a firearm, and possession of a firearm by a felon with personal use." (Am. Pet. at 2; Docket No. 20.) Petitioner was sentenced to 62

years-to-life and four months. (Id.) On September 28, 1999, the California Court of Appeal affirmed Petitioner's conviction. (Resp't Mot. to Dismiss at 2.) Petitioner did not seek review in the California Supreme Court. (Id.)

On August 18, 2003, Petitioner filed a federal habeas petition. (See Pet. at 1; Docket No. 1.) Petitioner raised numerous claims that had not been exhausted in state courts, and for good cause shown, the Courts stayed the matter pending exhaustion of all his claims. (See Docket No. 19.)

Petitioner filed a state habeas petition raising the unexhausted claims, which was denied on May 16, 2005, by the Santa Clara County Superior Court. (Am. Pet. Ex. A.) Petitioner then filed another state habeas petition requesting reconsideration of his previously denied petition. (Id., Ex. B.) The superior court denied the petition on August 16, 2005. (Id.) The California Supreme Court denied review on March 21, 2007. (Id. at 5.)

Petitioner filed an amended petition alleging that he exhausted all his claims, and the action was reopened on May 21, 2009. (Id. at 1.)

## DISCUSSION

**A.     Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became law on April 24, 1996, imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been

discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. Id. § 2244(d)(2). The one-year period generally will run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

"Direct review" includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition. Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999). Accordingly, if a petitioner fails to seek a writ of certiorari from the United States Supreme Court, the AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires. See Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002) (where petitioner did not file petition for certiorari, his conviction became final 90 days after the California Supreme Court denied review); Bowen, 188 F.3d at 1159 (same). As the Eighth Circuit put it: "[T]he running of the statute of limitations imposed by § 2244(d)(1)(A) is triggered by either (i) the conclusion of all direct criminal appeals in the state system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or (ii) if certiorari was not sought, then by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ." Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir. 1998), cert. denied, 525 U.S. 1187 (1999).

Petitioner's state judgment became final on November 7, 1999, when the time to seek a petition for review in the California Supreme Court expired. See Smith v. Duncan, 297 F.3d 809, 812-13 (9th Cir. 2002) (limitation period began running day after time to seek discretionary review of California Court of Appeal's decision in the Supreme Court of California expired, which was forty days after the Court of Appeal filed its opinion) (citing Cal. Rules of Court 24(a), 28(b), 45(a); Cal. Civ. Proc. Code § 12a). Thus,

1  Petitioner had until November 7, 2000, to file a timely federal petition. See 28 U.S.C. §
2  2244(d)(1). Petitioner did not do so until August 18, 2003, which was approximately two
3  years and nine months after the limitations period expired on November 7, 2000.
4  Accordingly, the instant petition is untimely unless tolling applies to render it timely.

**B.  Statutory Tolling**

The one-year statute of limitations is tolled under § 2244(d)(2) for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

Petitioner pursued collateral review in the state courts more than four years after the statute of limitations had expired in November 2000. See *supra* at 2. A state habeas petition filed after AEDPA's statute of limitations ended cannot toll the limitation period. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed). Accordingly, Petitioner is not entitled to statutory tolling. Unless Petitioner is entitled to equitable tolling, the limitations period for filing a timely federal habeas petition expired on November 7, 2000.

**C.  Equitable Tolling**

Petitioner claims he is entitled to equitable tolling. The Supreme Court has determined that § 2244(d), AEDPA's statute of limitations, is subject to equitable tolling in appropriate cases. Holland v. Florida, 130 S. Ct. 2549, 2560 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland, 130 S. Ct. at 2562 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); accord Rasberry v. Garcia, 448 F.3d 1150, 1153 (9th Cir. 2006) (quoting Pace, 544 U.S. at 418); Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999) ("When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate."). The

diligence required to establish entitlement to equitable tolling is "reasonable diligence." Holland, 130 S. Ct. at 2565 (finding district court's finding of lack of diligence incorrect and remanding for detailed examination of facts to "determine whether they indeed constitute extraordinary circumstances sufficient to warrant equitable relief").

The Ninth Circuit has held that the petitioner bears the burden of showing that this "extraordinary exclusion" should apply to him. Miranda, 292 F.3d at 1065. The prisoner also must show that "the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time." Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009) (internal quotation marks and citations omitted). Where a prisoner fails to show "any causal connection" between the grounds upon which he asserts a right to equitable tolling and his inability to timely file a federal habeas application, the equitable tolling claim will be denied. Gaston, 417 F.3d at 1034-35 (holding that where prisoner fails to show causal connection between self-representation on direct appeal or physical and mental disabilities and inability to timely file petition, district court's finding that he was not entitled to equitable tolling where he had earlier filed a state habeas petition was not clear error). He must, furthermore, show that his untimeliness was caused by an external impediment and not by his own lack of diligence. Bryant v. Arizona Attorney General, 499 F.3d 1056, 1061 (9th Cir. 2007) (no equitable tolling where petitioner was not diligent in that he failed to seek any state court relief for six years, or to take advantage of available paralegal assistance).

Petitioner claims that his petition is timely because "[a]ppellate counsel's failure to recognize the instant meritorious issues raised in this petition [] hindered petitioner's interest in perfecting his appeal and abandoned petitioner without the aid of counsel." (Am. Pet. at 23.) Respondent contends that counsel's ordinary negligence does not justify equitable tolling. (Resp't Mot. to Dismiss at 4.) Only where an attorney's conduct is sufficiently egregious that it may constitute an "extraordinary circumstance" does it warrant equitable tolling. Spitsyn v. Moore, 345 F.3d 796, 801 (9th Cir. 2003). Furthermore, the alleged extraordinary circumstances must have "proximately caused"

the late filing. Id. at 799. Here, Petitioner fails to identify any such egregious misconduct by counsel and does nothing more than make general allegations of negligence. Petitioner also fails to specify how his attorney's alleged failures caused him to file an untimely petition. Lastly, because the appellate counsel's opening brief was filed in the California Court of Appeal on December 31, 1998 (Resp't Mot. to Dismiss Ex. 1), it cannot be said that any deficiency on the part of counsel would have effected the limitations period which began to run nearly a year later on November 7, 1999.

Petitioner also claims that "appellate counsel's ineffectiveness, abandonment, and misadvice... vitiates the independent and adequate state grounds doctrine...." (Am. Pet. at 25.) Petitioner reiterates this claim in his opposition, arguing "the state procedural bar is inapplicable in this case." (Opp'n at 10.) When a state prisoner has defaulted a claim by violating a state procedural rule which would constitute an adequate and independent ground to bar direct review in the United States Supreme Court, he may not raise the claim in federal habeas. Coleman v. Thompson, 501 U.S. 722, 729-30, 750-51 (1991). Petitioner does not explain how state procedural bar is relevant to the timeliness of the instant petition. In fact, whether or not Petitioner defaulted his claims in state court does not affect the untimeliness of his petition in this Court. See Bennett v. Mueller, 322 F.3d 573, 582-83 (9th Cir. 2003).

Petitioner next claims that he is entitled to equitable tolling because "his claims are based on newly discovered factual predicates not previously known to him and discoverable through exercise of due diligence." (Am. Pet. at 26 (emphasis in original).) Petitioner argues that the statute of limitations should not begin until "the date on which the factual predicate of the claim presented was discovered or could have been discovered through the exercise of due diligence." (Id. (citing 28 U.S.C. § 2244(d)(1)(D)).) Respondent contends that "factual predicates" refers to petitioner's knowledge of the facts supporting the claim, not evidentiary support for the claim. (Resp't at 5.) Respondent asserts that Petitioner knew the facts of his claims at the time of trial, and thus the claims in his amended petition are not based on "newly discovered" factual

predicates. (Id.) Moreover, Petitioner fails to specify which factual predicates were newly discovered, making it impossible to determine whether they could have been discovered through due diligence, nor does he explain why the "factual predicates" were only recently discoverable.

Petitioner claims in opposition that he "was effectively obstructed from filing his first state petition in a timely manner" because his trial counsel "knew or should have known that Petitioner was mentally retarded and developmentally disabled from the time of his birth." (Opp'n at 2.) Petitioner argues that he did not know what was going on at trial, and that he experienced hallucinations before and after his arrest and also during his court proceedings. (Id. at 3.) However, Petitioner again fails to show causation, *i.e.*, how his alleged incompetence during trial or his counsel's failure to recognize such alleged incompetence prevented him from filing a timely federal petition.

Petitioner also claims that he lacked "the records and transcripts which he needed" and had "insufficient access to the prison library." (Am. Pet. at 9.) However, Petitioner fails to specify which records or transcripts he needed, or why his library access was insufficient. Furthermore, he fails to establish why his inability to access these materials resulted in an untimely federal petition, especially for such a lengthy period of several years. Petitioner must point to the particular documents he lacked that were necessary to file a timely petition. Chaffer v. Prosper, 592 F.3d 1046, 1049 (9th Cir. 2010). He fails to do so here.

Petitioner claims that he is entitled to equitable tolling because he is mentally incompetent. (Opp'n at 6, 17.) Respondent contends that Petitioner's claim fails because he does not show a causal connection between his disability and the untimely petition. (Resp't at 2.) Specifically, Petitioner claims that he "was always a very low functioning child with many mental disorders," and as a result "had to attend special schools staffed by teachers who taught children that were mentally retarded." (Opp'n at 2.) Petitioner provides a declaration in which he states that he "suffers from mental retardation in addition to mental defects which may have resulted from exposure to various toxins" and

that he is "dyslexic and developmentally disabled." (Opp'n Decl. Ha at 1.) Petitioner contends that "[i]t is the consensus opinion of my [prison school] teachers that I either suffer from mental retardation, brain damage, a severe learning disability, or dyslexia." (Id. at 2.)

Eligibility for equitable tolling due to mental impairment requires the petitioner to meet a two-part test: (1) a petitioner must show his mental impairment was an extraordinary circumstance beyond his control by demonstrating the impairment was so severe that either (a) petitioner was unable rationally or factually to personally understand the need to timely file, or (b) petitioner's mental state rendered him unable personally to prepare a habeas petition and effectuate its filing; and (2) the petitioner must show diligence in pursuing the claims to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance. Bills v. Clark, 628 F.3d 1092, 1099-100 (9th Cir. 2010) (citations and footnote omitted).

Petitioner alleges that he potentially suffers from "mental retardation, brain damage, a severe learning disability, or dyslexia," and offers declarations from his family in support. However, Petitioner fails to show a causal connection between his alleged disabilities and his inability to file a timely petition. Petitioner admits that he "depended on assistance from another inmate..." (Opp'n at 9), which demonstrates that despite his alleged mental disabilities, he reasonably was aware of his right to pursue collateral review. Respondent also offers evidence in reply showing that Petitioner's alleged disabilities were not an "extraordinary circumstance" warranting equitable tolling. Petitioner passed a routine mental health screening on April 7, 1998, with the screening report stating "there is not an indication that this offender is suffering from a mental illness." (Reply Ex. 1. at 4.) Moreover on July 3, 2003, Petitioner received a passing score on a cognitive test, which excluded him from the prison Developmental Disability Program. (Reply Ex. 1 at 2.) On September 20, 2006, Petitioner demonstrated a 5.6

reading score, 6.9 math score, and 3.3 language score.[1] Based on this record, it cannot be said that Petitioner's alleged mental disability constitutes an "extraordinary circumstance" that warrants equitable tolling. The Superior Court of California denied Petitioner's state habeas for these same reasons, finding that "Petitioner fail[ed] to provide any relevant medical or expert opinion on the issue of his competency," and failed "to adequately explain why it has taken him over seven years to come forward with this claim." (Resp't Mot. to Dismiss Ex. 3 at 3.) Accordingly, Petitioner is not entitled to equitable tolling to save the instant petition from being untimely.

## CONCLUSION

For the foregoing reasons, Respondent's motion to dismiss the petition as untimely (Docket No. 27) is GRANTED. The instant petition for a writ of habeas corpus is DISMISSED.

No certificate of appealability is warranted in this case. See Rule 11(a) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (requiring district court to rule on certificate of appealability in same order that denies petition). Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

This order terminates Docket No. 27.

IT IS SO ORDERED.

DATED: 9/1/11  _____
JEREMY FOGEL
United States District Judge

---

[1] A 5.6 reading score indicates that Petitioner is at a fifth grade and six months reading level.

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

HOA QUANG HA,

        Petitioner,

v.

GAIL LEWIS, Warden,

        Respondent.

Case Number: CV03-03828 JF

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 9/16/11, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Hoa Quang Ha K-90907
California State Prison-Solano
PO Box 4000
Bld #6-142up
Vacaville, CA 95696

Dated: 9/16/11

        Richard W. Wieking, Clerk